*1365 OPINION.
Siefkin :
Two questions are raised relating to amounts excluded by the respondent from invested capital of the petitioner during the *1366 years in question. The evidence is clear that in 1906, when the petitioner paid $85,000 ostensibly for a patent, it was, in reality, purchasing a secret formula for refining ammonia sulphate which made the patent (otherwise of no value) a valuable asset. The patent expired in 1911 and the question is whether the petitioner still had in the years 1918, 1919, and 1920 an asset which should be included in its invested capital. We are satisfied that what was really purchased and was the consideration for' the amount paid, was the secret formulae which existed and were used in the petitioner’s business after the expiration of the patent and during the taxable years in controversy. The difference between the amount of $85,000 and the $88,234.05 alleged as the cost by the petitioner, is the amount of salary paid to the owner of the patent during the time when he was showing the petitioner’s chemist how to build the machinery to refine the ammonia sulphate. Such amount, in our opinion, should also be added to the cost of the secret process.
Our conclusions as to the ^jirst item cause us to hold that the respondent was also in error in excluding the sum of $13,234 spent for experimental machinery in developing formulae. Both amounts should be included in invested capital for the years in question.

Judgment will be entered under Bule 50.